**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARRETT MICHAEL COVERT,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-02275<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Garrett Covert brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability under Title II of the Social Security Act. Transcript, doc. 8-2 at 29. He challenges the Administrative Law Judge's (ALJ) RFC determinations and step five findings. Pl.'s Br., doc. 9 at 3. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On June 17, 2021, Covert applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of May 23,

2021. Doc. 8-3 at 9. Following an initial denial, Covert submitted an appeal, requesting a hearing before an ALJ. Doc. 8-4 at 26. The ALJ conducted the hearing and determined that Covert was not disabled. Doc. 8-3 at 39.

Covert filed a request for review of the ALJ's decision, which the Appeals Council granted, issuing a remand order. *Id.* at 46. Following remand, a new ALJ conducted a second hearing and again determined that Covert was not disabled. Doc. 8-2 at 29, 49. Covert appealed the second ALJ's decision, but this time, the Appeals Council issued a denial. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Covert's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 9, 13-14) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 5.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v.*

*Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After proceeding through the five-step sequential analysis, the ALJ determined that Covert "has not been under a disability, . . . from May 23, 2021, through the date of this decision." Doc. 8-2 at 29. The ALJ denied Covert's disability claim at step five, after considering his "age, education, work experience, and residual functional capacity," because she found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 28.

On appeal, Covert argues that the ALJ erred by failing to: (1) adequately address the concerns identified in the Appeals Council's remand order; (2) adequately consider Dr. Williams's opinion; (3) account for any severe mental impairments in the RFC despite finding Covert suffered from anxiety; (4) include all established physical limitations in the RFC; and (5) identify a significant number of jobs in the economy at step five. Doc. 9 at 3. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Covert is disabled, but whether the Commissioner's finding that Covert is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Covert argues that the ALJ erred by failing to: (1) adequately address the concerns identified in the Appeals Council's remand order; (2) adequately consider Dr. Williams's opinion; (3) account for any severe mental impairments in the RFC despite finding Covert suffered from anxiety; (4) include all established physical limitations in the RFC; and (5) identify a significant number of jobs in the economy at step five. Doc.

9 at 3. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

**A. Appeals Council's remand order**

First, Covert argues that the ALJ failed to comply with the Appeals Council's remand order. *Id.* at 3. The Court lacks jurisdiction to conduct review of an agency determination and thus will not address Covert's arguments on the merits.

The Social Security Act limits judicial review to "final decisions" of the Commissioner. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action"). Agency determinations are not considered final decisions. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Bacon v. Sullivan*, 969 F.2d 1517, 1519-20 (3d Cir. 1992), *abrogated on other grounds by Smith v. Berryhill*, 587 U.S. 471 (2019).

Courts in the Third Circuit have consistently held that an Appeals Council's remand order does not constitute a final decision under the Social Security Act, and thus the district courts lack authority to consider whether an ALJ complied with a remand order of the Appeals Council.

*Smith v. Bisignano*, No. 1:25-CV-1287, 2026 WL 935840, at *7 (M.D. Pa. Apr. 7, 2026); *Kissell v. Berryhill*, No. 3:17-CV-02203, 2018 WL 4207746, at *5 (M.D. Pa. Sept. 4, 2018) (collecting cases).

The caselaw in the Third Circuit is persuasive. To begin with, the Appeals Council ostensibly found that the ALJ complied with its remand order as it issued a denial of Covert's request for review of the ALJ's decision. Doc. 8-2 at 2. In fact, the Appeals Council's notice states that it considered Covert's rationale for remand and concluded that "the reasons do not provide a basis for changing the Administrative Law Judge's decision." *Id.* Had the ALJ failed to comply with the Appeals Council's remand order, it would not have denied Covert's request for review. In any event, this Court lacks the authority to review the Appeals Council's remand order to determine whether the ALJ's decision complied with that order. *See Pearson v. Colvin*, No. 14-4666, 2015 WL 9581749, at *4 (D.N.J. Dec. 30, 2015) ("The appropriate focus for review is upon the ALJ's final decision, not the prior Appeals Council remand order.").

**B. Dr. Williams's medical opinion**

Covert next argues that the ALJ failed to properly evaluate Dr. Williams's medical opinion. Doc. 9 at 7. Specifically, Covert contends that

Dr. Williams opined as to a need for an objective psychological assessment and the ALJ failed to develop the record by not ordering a consultative examination. *See id.* at 9.

"The decision to order a consultative examination is within the sound discretion of the ALJ." *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002). That duty "does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* This Court in *Dietrich v. Saul* further explained:

> The regulations authorize the ALJ to obtain a consultative examination if there remains information needed to make a disability determination, "such as clinical findings, laboratory tests, a diagnosis or a prognosis" which cannot be obtained from the medical record. 20 C.F.R. §§ 404.1519a, 416.919a. Such an examination may be requested when the Commissioner is not presented with the information that is necessary to make a decision or is presented with inconsistent information. 20 C.F.R. §§ 404.1519a(a)-(b), 416.919a(a)-(b).

501 F. Supp. 3d 283, 293 (M.D. Pa. 2020) (emphasis in original).

Here, the Court finds that the ALJ exercised proper discretion not to order a further consultative examination. *Thompson*, 45 F. App'x at 149. In reviewing Dr. Williams's opinion, the ALJ found it to be only "somewhat persuasive," noting that Covert continually sought treatment

for anxiety, exhibited normal limits for mood and behavior on examination, and saw improvements in his anxiety. Doc. 8-2 at 28. The ALJ, therefore, concluded that Covert is "capable of certain types of work, with reduced productivity, as reflected in his residual functional capacity." *Id.* Thus, the ALJ's evaluation of Dr. Williams's opinion was supported by substantial evidence. *See Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (explaining that in weighing medical opinions, all that an ALJ must explain are the reasons for the decision); *Stancavage v. Saul*, 469 F. Supp. 3d 311, 333 (M.D. Pa. 2020), citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("The ALJ may choose which medical evidence to credit and which to reject as long as there is a rational basis for the decision."). As such, this Court will not second guess the ALJ's decision not to order a further consultative examination.

### C. RFC limitations related to mental impairment

Covert also argues that the ALJ failed to account for any limitations in the RFC, despite finding Covert's anxiety to be a severe impairment. *See* doc. 9 at 3, 9. Not so.

At the RFC stage, severe mental impairments, unlike findings at step two and three, require an ALJ to express limitations in terms of work-related functions such as describing the claimant's "abilities to: understand, carry out, and remember instructions; use judgment in making work-related decision; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine setting." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019), citing SSR 96-8p, 1996 WL 374184, at *6. An ALJ is permitted to use a wide range of limitation language, so long as the chosen limitation language is explained. *Id.* Here, the ALJ's RFC limitation and explanation is sufficient.

Contrary to Covert's argument (doc. 9 at 11), the ALJ specifically provided for a limitation that comports with her finding that Covert has moderate limitation in concentrating, persisting, or maintaining pace. Doc. 8-2 at 23 (finding moderate limitation only in Covert's ability to concentrate, persist, or maintain pace). Indeed, the ALJ limited Covert to a work "setting that is *goal oriented* versus requiring that a *specified pace* be maintained consistently throughout a workday." *Id.* at 24 (emphasis added). That limitation is fully supported by the ALJ's review

of the treatment records. *Id.* at 26 (explaining that Covert noted that his anxiety symptoms were well controlled and stable, his mood, affect, and behavior were all normal, and that Covert was not nervous or anxious on examination); 27-28 (discussing medical opinions and explaining that an RFC with reduced productivity is appropriate).

As for the remainder of Covert's mental abilities, the ALJ found Covert to only have mild limitations. *See id.* at 23 (opining mild limitations as to Covert's abilities to understand, remember, or apply information, to interact with others, and to adapt or manage oneself). Courts in this circuit have affirmed decisions that chose not to incorporate additional limitations from mild mental impairments so long as the ALJ provided a rationale for his or her decision. *See Smith*, 2026 WL 935840, at *6 (collecting cases); *see also D.C. v. Comm'r of Soc. Sec.*, 2021 WL 1851830, at *6 (D.N.J. May 10, 2021) ("[T]he Commissioner is correct that an RFC assessment does not need to contain an in-depth analysis on mental impairments when the ALJ finds earlier in his opinion that a claimant's mental impairments are no greater than mild."). Accordingly, the ALJ's RFC limitation was sufficient. *See Hess*, 931 F.3d at 209.

### D. RFC limitations related to physical impairments

Covert next argues that the ALJ failed to include all of his established physical limitations in the RFC. Doc. 9 at 3. Specifically, he contends that the ALJ failed to explain why she omitted limitations related to his severe cervical disc disease. *Id.* at 14-15. The Court disagrees.

The ALJ, after reviewing evidence of Covert's physical impairments, agreed with postural limitations and assessed an RFC that limits Covert to "never climb ladders, ropes, or scaffolds" and only "occasionally climb ramps and stairs, balance, stop, kneel, crouch, and crawl." Doc. 8-2 at 24. And, importantly, the ALJ limited Covert to sedentary work. *Id.* The ALJ assessed these limitations despite Covert's reported symptoms, which included maintaining a normal range of motion without tenderness in his *cervical* and lumbar spine, no deficits in strength in upper and lower extremities, and "normal coordination and gait." *Id.* at 27. Thus, the ALJ's RFC assessment fully accounted for Covert's physical limitations and was supported by substantial evidence. *Hartranft v. Apfel,* 181 F.3d 358, 359 n.1 (3d Cir. 1999) (explaining that

an RFC is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)").

**E. Step five finding**

Lastly, Covert argues that the ALJ erred at step five by failing to identify a significant number of jobs in the national economy that he could perform. Doc. 9 at 15. Specifically, he contends that the ALJ only identified 24,300 jobs in the national economy, omitted limitations in the hypothetical to the vocational expert (VE), and identified two out of three occupations that require a reasoning level three which is inconsistent with simple work. Doc. 9 at 15.

First, an ALJ may rely on the VE's responses as substantial evidence for his step five determination. *Rutherford v. Barnhart*, 399 F.3d 546, 555 (3d Cir. 2005). Second, in the Third Circuit, a step five finding of 24,300 jobs represents a significant number of available jobs in the national economy. In *Craigie v. Bowen*, the Third Circuit found that even 200 jobs in the *regional* economy was a clear indication that other meaningful work in the national economy existed. 835 F.2d 56, 58 (3d Cir. 1987); *see also Ahmad v. Comm'r of Soc. Sec.*, 531 F. App'x 275, 278 (3d Cir. 2013) (holding that the ALJ did not err by concluding that the

569 jobs available in the *regional* economy was evidence of other work in significant numbers). The Third Circuit has, more than once, cited precedent from other circuit courts that indicates that 24,300 jobs is a "significant number." *See*, *e.g.*, *Sanchez v. Comm'r Soc. Sec.*, 705 F. App'x 95, 99 (3d Cir. 2017) (finding 18,000 national jobs to be a "significant number," relying on *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (finding 10,000 jobs in the national economy "significant")); *Young v. Astrue*, 519 F. App'x 769, 772 (3d Cir. 2013) (also relying on *Young*); *Lamoureux v. Comm'r of SSA*, No. 21-1677, 2021 U.S. App. LEXIS 36448, at *7 (3d Cir. Dec. 10, 2021) (also relying on *Young*, and on *Taskila v. Comm'r Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016), which found that 6,000 national jobs was "significant number"). The Court is satisfied that, in the Third Circuit, 24,300 jobs in the national economy constitute a "significant number" of jobs under the Act.

Third, as in the analysis above, the ALJ's RFC assessment was supported by substantial evidence and the ALJ did not err by not posing additional limitations in the hypothetical to the vocational expert. Accordingly, the ALJ's step five determination was also supported by substantial evidence. *See Wright v. Sullivan*, 900 F.2d 675, 679 (3d Cir.

1990) (finding that a step five burden is met when at least one occupation in the national economy is identified that a claimant can perform); *see also* 20 C.F.R. 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: November 17, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge